**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CEDAR COAL COMPANY,
Petitioner,

v.

SIDNEY L. BROWN; DIRECTOR, OFFICE

OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 94-1817

On Petition for Review of an Order
of the Benefits Review Board.
(90-2823-BLA, 93-0866-BLA)

Argued: June 5, 1995

Decided: September 10, 1996

Before WILKINSON, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sean Patrick Harter, ROBINSON & MCELWEE,
Charleston, West Virginia, for Petitioner. Jeffrey Steven Goldberg,
UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondent Director; Belinda S. Morton, Fayetteville, West Vir-
ginia, for Respondent Brown. **ON BRIEF:** Henry C. Bowen, ROB-

INSON & MCELWEE, Charleston, West Virginia, for Petitioner. Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Cedar Coal Company petitions for review of an order of the Benefits Review Board affirming an administrative law judge's award of benefits to claimant Sidney Brown under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. In this case, Cedar Coal argues only that the administrative law judge erred in finding pneumoconiosis under 20 C.F.R. § 718.202(a)(1), and that the administrative law judge erroneously applied the true doubt rule to find in favor of Brown.

The Benefits Review Board, on April 28, 1994, affirmed the administrative law judge's application of the true doubt rule to the facts of this case without the benefit of the Supreme Court's decision in Director, Office of Workers' Compensation Programs v. Greenwich Collieries, 62 U.S.L.W. 4543 (U.S. June 20, 1994), holding that "the true doubt rule violates § 7(c)," 62 U.S.L.W. at 4547, of the Administrative Procedure Act, 5 U.S.C. § 556(d) ("[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof."). Accordingly, we must vacate the award and remand the case to the Board with instructions to remand the action to the administrative law judge for consideration of Brown's claim under the standard of proof articulated by the Supreme Court in Greenwich Collieries.

2

We note that, notwithstanding the urgings of Cedar Coal and the Director, we express no opinion on the validity or sufficiency of the evidence in this case; we hold only that the case was decided under what is now an erroneous legal standard. On remand, the administrative law judge should consider and weigh all the evidence, including any additional evidence that either party may wish to submit on remand, to determine whether or not Brown is entitled to benefits.

VACATED AND REMANDED WITH INSTRUCTIONS

3